# BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER*
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
JODY L. YETZER

REF:

WRITER'S DIRECT DIAL:

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
• FLORIDA
◊NEW JERSEY

December 11, 2012

**VIA ECF**

Magistrate Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
    *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)

Dear Judge Pohorelsky:

  We write on behalf of the plaintiffs in the above-captioned cases to respond to the defendants' December 6, 2012 letter from Assistant Corporation Counsel Lisa Richardson. The issue before the Court is whether these two cases—which Chief Judge Amon has now deemed related and accordingly, has assigned to herself and Your Honor—should now proceed with consolidated discovery, as plaintiffs have requested, and defendants oppose. Plaintiffs believe that the easiest and most efficient way to conduct discovery in these related cases is through consolidated discovery, which would require only one unified scheduling order, and avoid the wasteful inconvenience of duplicative interrogatories or depositions, as well as any discovery disputes that may arise. Accordingly, plaintiffs respectfully request the Court to set a new consolidated discovery schedule at the next court conference on December 14, 2012, or at an earlier conference, at the Court's convenience.

  Plaintiffs explained in their November 27, 2012 letter application to the Court why these cases met the standard for relatedness under Rule 50.3.1(a) of the Eastern District's Guidelines for the Division of Business Among District Judges ("A civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or

1

Judge Pohorelsky
Re: *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
     *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)
December 11, 2012

because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."):

> [T]hese cases involve substantially overlapping factual and legal issues. Both cases involve the same plaintiff, Brenda McClary; and the other plaintiff in the second case, Darrell McClary, is an important eye-witness to the events that occurred in the first case. The defendants in both cases are or were New York City police officers assigned to the same precinct; and upon information and belief, some were involved in the events in both cases. Additionally, the evidence proving the allegations in second case, particularly the conspiracy count, will hinge on the evidence from the first case. Finally, both cases involve the same legal issues of forcible warrantless entry and excessive and unreasonable destruction of property—indeed, the same property.

As we further explained, Officer Nieves, a defendant in the second action, told Ms. McClary after arresting her, in sum and substance, "Don't worry, at least we didn't destroy your house this time like we did last time." This allegation, among other evidence and proof we expect to come out in discovery, supports plaintiffs' conspiracy claim in case number 12-cv-5300.

    Thus, these cases are inextricably intertwined. Contrary to the defendants' contention that "differences in the two cases weigh against consolidation," as we explained in our application for relatedness, which Chief Judge Amon granted, "discovery for both cases will likely involve interrogatories and depositions of the same parties and witnesses, which can be conducted for both cases at the same time."

    Defendants oppose consolidated discovery on other grounds that are equally unavailing. First, defendants contend that these cases are "in a very different posture," by which they explain that they mean that the first case was filed in January 2012 and the second case was filed in October 2012. However, this distinction makes no difference. The only scheduling order in the first case was issued in July 2012, a little more than three months before the second case was filed. Moreover, at the defendants acknowledge "the complaint in 12 CV 5300 contains allegations which suggest that there may be a disputed issue of fact following discovery." Thus, the defendants concede that there is no basis for a dispositive pre-discovery motion in the second case. Accordingly, discovery for both cases will overlap entirely. Thus, the two cases are in the same posture.[1]

---

[1] Defendants contend that they "are prepared to file what we anticipate to be a fully dispositive summary judgment motion in [case number 12-cv-118]." However, that case stands in substantially the same posture as it did when Chief Judge Amon told defendants that a motion for judgment on the pleadings would be futile. Thus, it is clear that defendants will not prevail on summary judgment in case number 12-cv-118 for the same reasons. The allegations, substantiated by documentary evidence and Ms. McClary's testimony proves that the defendant officers

BELDOCK LEVINE & HOFFMAN LLP

Judge Pohorelsky
Re:   *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
       *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)
December 11, 2012

Second, defendants contend that Corporation Counsel's "office has not yet resolved representation with the individual defendants in the 12 CV 5300 matter, nor have we been able to obtain the majority of the records related to the underlying incident, as it is our understanding that those records are currently sealed pursuant to N.Y.C.P.L. § 160.50." However, the Office of the Corporation Counsel has had since late October when the complaint in 12-cv-5300 was filed to resolve representation in that matter. Moreover, the issue of unsealing records pursuant to C.P.L. § 160.50 counsels *in favor* of consolidation, since the same releases are required from the same person and will be submitted to the same place. Consolidating discovery should prevent a duplicative request from being submitted to the Queens County Clerk's Office.

Should the Court decide not to consolidate discovery for these cases, plaintiffs request an extended schedule for both parties to conduct discovery in case number 12-cv-118. Although defendants have consented to an extension of discovery until the end of January 2013,[2] they now suggest that plaintiffs have not acted in good faith and should not be allowed further discovery. By omitting several of plaintiffs' counsel's correspondences with the Office of Corporation Counsel, defendants mistakenly give the impression that plaintiffs have failed to respond to defendants' discovery requests without explanation, when that is not the case.

Plaintiffs have diligently communicated with defendants about discovery in this case, and have repeatedly explained to defendants that we believe the best and most efficient way to resolve discovery in these two, related and intertwined cases is through consolidated discovery. Before and during the court status conference held on October 5, 2012, plaintiffs' counsel informed defendants' counsel that we intended to file a related action, and that we believed it would be most efficient to proceed with a consolidated discovery schedule for both cases. On October 23, plaintiffs filed this second action, under case number 12-cv-5300.

Hurricane Sandy struck that weekend and, during the following week, neither plaintiffs' nor defendants' counsel were able to access their offices; both continued to experience technology problems after that. Ms. McClary, who resides in Jamaica, Queens, was without power for a significant period and continues to experience problems caused by Hurricane Sandy, which plaintiffs' counsel has explained to defendants' counsel.

---

literally ransacked Ms. McClary's house—*e.g.*, put holes in walls, cut open furniture, broke electronics, destroyed the boiler, a sink, and tile flooring, among other things—while putatively searching for a gun. Defendants are mistaken that a reasonable jury could not possibly conclude that such a search was unreasonable.

[2] Defendants acknowledge in Ms. Richardson's letter that they "ha[ve] consented to plaintiff's alternative request for an extension of discovery," but then argue that "any extension should not enable plaintiff's counsel to serve belated discovery demands on defendants." Defendants are right in the first instance: Their counsel has consistently told plaintiffs' counsel that defendants consent to an adjournment until the end of January 2013 for discovery in case number 12-cv-118. Defendants' counsel has never indicated that such consent was limited to a stipulation that plaintiff's counsel could not use the extended time to serve discovery demands on defendants.

3

Judge Pohorelsky
*Re:*   *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
       *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)
December 11, 2012


On November 15, 2012, defendants' counsel emailed plaintiffs' counsel with proposed deposition dates for Ms. McClary, and to inform us that Corporation Counsel's Office had reviewed the complaint in case number 12-cv-5300 and would not consent to consolidated discovery. We responded that day, informing defendants' counsel that our delay in responding to interrogatories and scheduling depositions was caused by difficulties Ms. McClary was having from Hurricane Sandy. We also reiterated that we intended to have the two cases deemed related and discovery consolidated. We explained to defendants' counsel that we were in the process of serving the defendants in the second case, which is required by Rule 50.3.1 before an application for relatedness can be made. We also explained to defendants' counsel that once we had served more than half of the defendants, as the rule requires, we would make the application for relatedness and consolidated discovery. Nonetheless, we asked defendants' counsel to provide us with dates for depositions of the defendant officers in 12-cv-118. However, defendants' counsel did not respond to our email.

On November 16, we completed service on the defendants in the second action, and that same day, wrote to Your Honor to inform the Court of these developments. We also stated that as soon as we received and filed the proofs of service, we intended to seek a determination of relatedness of the two cases, and that if our application was granted, we would ask for consolidated discovery. We sent a copy of that letter to defendants' counsel by email. Defendants' counsel did not respond.

On November 20, plaintiffs' counsel again emailed defendants' counsel—after calling Ms. Richardson and discovering that her phone was still out-of-service—to alert her to further difficulties that Ms. McClary was experiencing as a result of Hurricane Sandy, which had prevented our meeting with her. We also again asked for dates that the defendants were available for deposition. Defendants' counsel did not respond.

On November 27, plaintiffs' counsel filed our letter application to the Court asking for the cases to be deemed related, and emailed a copy of that letter to defendants' counsel. Defendants never submitted an opposition to our application.

On November 30, 2012, Chief Judge Amon granted our application and reassigned case number 12-cv-5300 to herself and Your Honor. Plaintiffs' counsel emailed a copy of the Chief Judge's order to defendants' counsel and informed her that we planned to seek a consolidated discovery schedule the following week. Defendants' counsel did not respond.

And on December 3, plaintiffs' counsel again emailed defendants' counsel to schedule a phone call to discuss dates for a consolidated scheduling order. Defendants' counsel responded later that day and informed us that her office would oppose a consolidated discovery schedule.

BELDOCK LEVINE & HOFFMAN LLP

Judge Pohorelsky
Re: *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
   *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)
December 11, 2012

Thus, plaintiffs have been diligent in communicating with defendants and have acted in good faith in attempting to resolve discovery in these cases in the most efficient way possible, and the implication that plaintiffs have unnecessarily delayed these cases is misplaced. As defendants acknowledge, case number 12-cv-118 was delayed for more than seven months after the complaint was filed while the defendants decided whether to file a motion for judgment on the pleadings, which they ultimately did not do. Moreover, defendants have requested that plaintiffs' counsel consent to an extension of time to file their answers in case number 12-cv-5300, based on the assertion—undoubtedly by mistake—that the Corporation Counsel's Office "just learned of this case," when that office has admittedly known about it for several months.[3]

Thank you for your prompt attention to this matter.

Respectfully submitted,

Jonathan C. Moore
Joshua S. Moskovitz

cc: Lisa M. Richardson (via email)
   Counsel for defendants in *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)

   Katherine A. Macfarlane (via email)
   Counsel in *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)

---

[3] On the same day as defendants' December 6 letter to the Court, Assistant Corporation Counsel Katherine Macfarlane emailed plaintiffs' counsel to say that she had been assigned to the second McClary matter, case number 12-cv-5300. Ms. Macfarlane stated that "my office just learned of this case," and therefore, wanted to know if we would consent to a 60-day extension for answering the complaint in that case. However, as Ms. Richardson's letter to the Court states, Corporation Counsel's Office knew of case number 12-cv-5300, and had reviewed the complaint in that case in late October, before Hurricane Sandy struck. We presume that Ms. Macfarlane intended to write that she, and not Corporation Counsel's Office itself, had just learned of this case.

BELDOCK LEVINE & HOFFMAN LLP

Judge Pohorelsky
Re:   *McClary v. City of New York et al.*, No. 12-cv-118 (CBA) (VVP)
      *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP)
December 11, 2012

cc (cont'd):

Defendants in *McClary et al. v. Nieves et al.*, No. 12-cv-5300 (CBA) (VVP), via mail:

Officer Delgado
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Lieutenant Leudesdorff
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Knudsen (Shield #111555)
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Dunn (Shield #16871)
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Nieves (Shield #1715)
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Lovelock (Shield #22435)
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Lettini
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Tsqqbast (Shield #7522)
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434

Officer Lord
113th Precinct
167-02 Baisley Blvd.
Jamaica, NY 11434